HANNIBAL G. BROWN, and another, in equity,

*vs.*

THE J. WAYLAND KIMBALL COMPANY, and others.

Oxford.     Opinion May 27, 1892.

*Equity. Fraudulent Conveyance. Creditor's Bill. R. S., c. 77, § 6, cl. 10.*

The statute (R. S., c. 77, § 6,) allows a creditor to collect, by a bill in equity a debt out of property fraudulently conveyed by his debtor, although such property can be come at to be attached on writ or seized on execution.

ON EXCEPTIONS.

This was a bill in equity brought to set aside alleged fraudulent conveyances of personal property, and to have the same applied in payment of plaintiffs' claims as creditors, to which the defendants filed the following demurrer: "First: That the said complainants have not alleged, nor does it appear by their said bill, that they have obtained judgment upon the notes and claims set forth in said bill on account of which they claim to be creditors of the said J. Wayland Kimball Company, nor do the said complainants allege, nor does it appear by said bill, that the said complainants have exhausted their legal remedies in the collection of any debt, if such there be, which is owed to them by the said J. Wayland Kimball Company. Second: That the said complainants have not by their said bill made such a case as entitles them to the relief prayed for, or to any relief, against said defendants."

At the hearing upon the bill and demurrer, the presiding justice overruled the demurrer, and to this ruling the defendants took exceptions.

*J. S. Wright and J. P. Swasey,* for plaintiffs.

Counsel cited: *Sanger* v. *Bancroft*, 12 Gray, 366; *Bresnihan* v. *Sheehan*, 125 Mass. 11; *Tucker* v. *McDonald*, 105 Mass. 423; *Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 558; *Barry* v. *Abbott*, 100 Mass. 398; *Donnell* v. *R. R. Co.* 73 Maine, 570; *Taylor* v. *Taylor*, 74 Maine, 582.

*Symonds and Libby,* for defendants.

The words "and any property or interest conveyed in fraud of creditors" must be construed as meaning property situated similarly to the other two classes provided for in the same paragraph, either that it is secreted, or situated so that it cannot be reached except by the peculiar process *in personam* available in equity. We contend that it was not intended to change the old rule existing in equity, so far as the general class of cases is concerned, which relates to proceedings by creditors to reach property conveyed in fraud of creditors. That is, that all legal remedies must first be exhausted and only a judgment creditor is entitled to the aid of a court of equity. This construction

gives meaning and purpose to the enactment and is consistent with the character of the legislation embodied in this paragraph. Applying the law as thus construed to the facts of this case, as shown in the bill, and we find that the acts complained of were the transfer of visible chattels open to attachment, and no pretense or allegation that they have been concealed or withdrawn by any one so that they could not be come at to be attached or taken on execution. There is no need upon the facts stated in this bill to apply to a court of equity for relief. It is well settled that property, real or personal, conveyed in fraud of creditors, may be attached as the property of the vendor in an action brought by a creditor. Freem. Exons. § 136. Under our procedure, all property which may be seized on execution may be attached and held on the writ in the action.

This attachment may be made by trustee process. R. S., c. 86, § 63, under which provision the proceeds of property fraudulently conveyed may be attached, if the property itself has been disposed of. No need is shown for any resort to a court of equity, especially in view of the well settled principle that appeal to a court of equity is only justified where there is not "a plain, adequate and complete remedy at law," which principle is recognized in R. S., c. 77, § 6, cl. 11, conferring general jurisdiction in equity upon this court.

Only a judgment creditor is entitled to resort to a court of equity for aid in reaching property conveyed in fraud of creditors. *Webster* v. *Clark*, 25 Maine, 313; *Webster* v. *Withey*, 25 Maine, 326; *Skeele* v. *Stanwood*, 33 Maine, 307; *Dockray* v. *Mason*, 48 Maine, 178; *Corey* v. *Greene*, 51 Maine, 114; *Fletcher* v. *Holmes*, 40 Maine, 364; *Hartshorn* v. *Eames*, 31 Maine, 93; *Call* v. *Perkins*, 65 Maine, 439. *Donnell* v. *R. R. Co.* 73 Maine, 570, recognizes the doctrine that the property or interest must be "of such a nature or so situated that it cannot be reached by common law process against the debtor" and thus favors the construction of the statute for which we contend.

*Mr. Libby*, in reply.

All the Massachusetts cases cited by the plaintiffs have no reference to the paragraph of the Massachusetts statute relating

to "property conveyed in fraud of creditors" but to the paragraph authorizing a bill in equity to be brought to reach property "which cannot be come at to be attached," and one of the cases cited (*Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 561,) reaffirms an earlier case, *Vantine* v. *Morse*, 104 Mass. 275, which held that, "when it appeared that the property sought to be reached could be attached at law, the bill could not be maintained."

PETERS, C. J.   The complainants undertake, by this bill in equity, to collect a debt due them from the J. Wayland Kimball Company, a corporation doing business in this State, out of certain personal property mortgaged by that company, it is alleged, in fraud of creditors.   The mortgagees and others in present possession of the property are made, with the mortgagors, parties defendant, all of whom demur to the bill.

The proceeding is instituted under a section of the statute (R. S., c. 77, § 6,) which enumerates the different classifications in which the equity jurisdiction of this court may be exercised, the tenth clause of such section reading as follows:   " In suits for re-delivery of goods or chattels taken or detained from the owner, and secreted or withheld, so that the same cannot be replevied, and in bills in equity, by creditors, to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable, found within this State, of a debtor or debtors, which cannot be come at to be attached on writ, or taken on an execution, in a suit at law, and not exempt from such attachment and seizure, *and any property or interest conveyed in fraud of creditors.*"

The last words here quoted, namely, "any property or interest conveyed in fraud of creditors," were not originally a part of the section, but were added by an amendment in 1877.

The only question presented by the demurrer is as to the meaning and effect of those words.   The defendants contend that the complainants are not entitled to the remedy granted by the statute unless it appears that the property, sought to be reached by the equitable process, cannot be come at to be attached on writ or seized on execution in a suit at law, and

that the same condition attaches to this kind of claim as in the other cases enumerated in the same connection. The complainants contend for the opposite construction.

A literal rendering of the statute sustains the position of the complainants, and a careful consideration of the question induces us to believe that the legislature intended just what it literally said. We think the design of the amendment was to afford the equitable remedy in cases where property cannot be attached or seized, and also in cases of property fraudulently conveyed whether attachable and seizable or not.

There certainly was a good deal of expediency in extending the equitable remedy to cases like the present. The legal remedy is slow and expensive compared with the equitable, and much more hazardous. In the legal procedure the method is circuitous. An action must be pushed to judgment and execution, a seizure or levy made, and then another action instituted to settle the title of the property so attached or seized. Equity settles all questions with all parties in a single suit. *Donnell* v. *Portland & Ogdensburg R. R. Co.* 73 Maine, 567.

Property that cannot be come at so as to be attached and property fraudulently conveyed, stand in principle upon the same footing. In one sense the latter cannot be come at to be attached, that is, it cannot be attached so that a lien will be secured upon it beyond question. The apparent title is not attached. There is contingency and uncertainty about it.

Furthermore, if the construction is to be as the defendants insist it should be, then the amendment to the statute is entirely nugatory. The statute as it was without the amendment extended to property conveyed in fraud of creditors, if so situated that it could not be reached by attachment or seizure. The amendment would add nothing to the statute.

The equity powers committed to the court by the statute before quoted are not restricted by a later clause of the same section, which provides that full equity jurisdiction shall be exercised by the court "in all other cases" where there is not a plain, adequate and complete remedy at law. The general provision applies not to all cases, but to all cases other than those

previously enumerated. In particular cases the court has special jurisdiction. The general powers of the court are in addition to those, and not in conflict with them. *Demurrer overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.